In re James Anthony LUDLOW, Debtor.

James Anthony LUDLOW, Plaintiff,

v.

Sylvia Rochester LUDLOW, Defendant.

Bankruptcy No. 81–01269 M R.
Adv. No. 82–0153 M.

United States Bankruptcy Court,
D. New Mexico.

Nov. 22, 1982.

**140**

Robert I. Waldman, Roswell, N.M., for plaintiff.

Elizabeth Cunningham, Roswell, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on September 10, 1982, on the Objection to Jurisdiction *in Personam* filed by the defendant *pro se,* the Motion to Object to Jurisdiction Over Subject Matter and Motion for More Definite Statement filed by the defendant *pro se,* and on the Amended Motion to Dismiss, or, in the Alternative, for Change of Venue filed by the defendant through her attorney, Elizabeth Cunningham.

The facts are as follows. James Anthony Ludlow, the plaintiff in this adversary proceeding, is a debtor in a chapter 7 case pending in this district. The debtor filed an adversary proceeding to recover assets, alleging that the parties were formerly husband and wife, that prior to their marriage they had entered into an antenuptial agreement and asking that certain property or its value be turned over to the debtor-plaintiff. Plaintiff and defendant were married on December 31, 1980, in East Baton Rouge Parish in the State of Louisiana. Defendant has continued to reside in East Baton Rouge Parish. The parties separated on March 23, 1981, at which time the debtor left Louisiana. Thereafter, the marriage was terminated by decree of divorce dealing solely with the parties' marital status, entered by a New Mexico court on February 22, 1982. At the time of the hearing in the matter, the debtor was a resident of the State of Oklahoma although plaintiff's counsel represented that the plaintiff was intending to return to the State of New Mexico in the near future.

It is well settled in this district that although the bankruptcy court has no jurisdiction to deal with the marital status of parties before this court, it clearly retains jurisdiction to determine matters with respect to property in marital disputes. *Dirks v. Dirks (In re Dirks),* 5 C.B.C.2d 958, 8 B.C.D. 517, 15 B.R. 775 (Bkrtcy.D.N.M. 1981). Accordingly, defendant's objection to subject matter jurisdiction shall be denied. It is equally clear that this Court has jurisdiction over the defendant.

There remains for determination the question of whether the interests of justice and the convenience of the parties would support this Court's ordering a change of venue. The considerations in making that determination should be substantially the same as those in determining whether to transfer an underlying bankruptcy proceeding. It is the opinion of this Court that a change of venue is warranted in this instance. The only contact with New Mexico seems to be that the debtor chose to move here and stay long enough to file his bankruptcy petition. All witnesses to be called in this proceeding reside, insofar as it is possible to determine, in East Baton Rouge Parish, Louisiana. All of the property which is the subject of this turnover procedure is physically located in Louisiana and the antenuptial agreement will need to be construed in accordance with the laws of the State of Louisiana. At the time of the hearing in this matter, the debtor was residing in Stillwater, Oklahoma, which, according to the representations of plaintiff's counsel, was only 100 miles closer to the New Mexico court than to the Louisiana court. It is therefore the opinion of this Court that this case should be transferred to the United States Bankruptcy Court for

 

the Middle District of Louisiana, sitting in Baton Rouge, Louisiana.

An appropriate order shall enter.